IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ABER,  )
        Plaintiff,  )
          )
    v.  )    Civil Action No. 2:09-cv-513
          )
          )
COMMISSIONER OF SOCIAL  )
SECURITY,  )
        Defendant.  )

MEMORANDUM AND ORDER

Mitchell, M.J.:

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion (Docket No.14) will be denied, the defendant's motion (Docket No. 16) will be granted and judgment will be entered accordingly.

On April 28, 2009, Patricia Aber by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423.

On May 3, 2005, the plaintiff filed an application for disability benefits alleging that she had been disabled since October 24, 1997 (R.74-78), and benefits were denied on August 22, 2005 (R.62-65). On September 22, 2005, the plaintiff requested a hearing (R.61) and pursuant to that request hearings were held on September 13, 2007 and November 5, 2007 (R.385-439). In a decision dated November 22, 2007, benefits were denied (R.10-25), and on January 25, 2008,

reconsideration was requested (R.9). Upon reconsideration and in a decision dated February 26, 2009, the Appeals Council affirmed the prior determination (R.5-7). On April 28, 2009, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain her burden of demonstrating that she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearings held on September 13, 2007 and November 5, 2007 (R.385-439), the plaintiff appeared with counsel who clarified that the plaintiff's claim was based on a mental and not a physical disability (R.387, 400, 405).

The plaintiff testified that at the time of the hearing she was fifty years old, had completed high school and attended one year of secretarial school (R.406,416); that she worked in customer service for fifteen years and her position was eliminated in 1997 due to downsizing

(R. 410, 411, 418-419); that she performed filing tasks for three months in 1998 and stopped working due to depression (R.412-413) and that she performed housecleaning in 1999 to 2000 (R.415).

The plaintiff also testified that she started receiving counseling and taking medication for depression in July 1997 (R.414, 417, 420); that after being discharged from therapy she experienced emotional up and down cycles (R.422); that even when she was not being treated, she experienced periods of depression (R.424) and that she sleeps a lot (R.429-430).

The plaintiff's husband testified that starting in the period of 1998 to 2000, the plaintiff experienced personality changes (R.433-437).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists

      in significant numbers either in the region where such individual lives or in several regions of the country.

      A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

      While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts.  NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970).  Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

      For this purpose, certain medical evidence was reviewed.

      The plaintiff was treated at the Irene Stacy Mental Health Center between May 30, 1997 and February 10, 1999 for a single episode of depression. The plaintiff discontinued her medication in November, 1998 due to an improved mood and had no recurrent need for treatment (R.151-154, 363-373).

      The plaintiff was treated by Dr. Marks between July 25, 2001 and July 30, 2002 for depression which was said to be resolving with therapy and medication (R.358-362).

      The plaintiff last met the special earnings requirements of the Act on December 31, 2002 and must demonstrate that she was disabled prior to that date (R.15).

The plaintiff received chiropractic treatment for lower back pain from John J. Honacki between February 23, 2004 and April 16, 2004 (R.155-165).

The plaintiff was treated at the Allegheny Valley Hospital emergency room between May 9, 2004 and April 16, 2004 for dermatitis and a left thumb laceration (R.166-174).

The plaintiff was hospitalized at the Butler Memorial Hospital from July 27, 2004 through July 29, 2004 for dysfunctional uterine bleeding. A total hysterectomy was performed (R.175-183).

The plaintiff had a psychiatric evaluation performed on December 7, 2004 and a major depressive affective disorder was diagnosed. She was referred for follow-up services (R.184-188).

The plaintiff was treated by Dr. Thomas F. Walsh between December 8, 2004 and December 14, 2004 for left flank pain. A cystoscope displayed a right ureteral stone which did not explain the plaintiff's left side pain (R.189-201).

The plaintiff was treated by Dr. Michael E. Chismer between January 3, 2003 and January 17, 2005 for routine medical matters (R.204-270).

A psychiatric review completed on August 15, 2005 failed to reveal any psychiatric disorders (R.271-284).

The plaintiff was treated at the Family Services of Western Pennsylvania between January 14, 2005 and February 13, 2006 for a recurrent major depressive disorder. She received therapy and medication (R.285-300).

The plaintiff received physical therapy for cervical and thoracic pain at Western Therapy Services between May 16, 2006 and July 21, 2006 (R.306-309).

The plaintiff was treated by Connie Anderson, D.O. between August 15, 2005 and December 6, 2006 for unexplained weight gain and loss, mild osteoarthritic disease and depression (R.310-337).

The plaintiff was treated at the Family Services of Western Pennsylvania between March 16, 2006 and January 16, 2007 for depression. She reported doing well provided she could obtain her medication (R.374-381).

In a report of an evaluation conducted on February 7, 2007, Dr. Kamala A. Rajupet noted a history of depression and suspected hyperthyroidism. It was noted that the plaintiff did not appear to have an endocrine cause for her symptoms (R.338-340).

The plaintiff received mental health treatment at the Family Services of Western Pennsylvania between March 10, 2005 and May 22, 2007 for depression and psychosis. She was treated with medication (R.311-357).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms.  Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974).  As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> Bittel seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act.  That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

The claimant last met the insured status requirements of the Social Security Act on December 31, 2002....

Through the date last insured, the claimant had the following medically determinable impairment: depression

* * *

The undersigned finds that the claimant's allegations regarding the severity, chronicity and debilitating nature of the extent of her limitations, her subjective complaints of pain, and her inabilities to work, perform functional activities, and perform activities of daily living and work-related activities are not credible as established in the record. According to Dr. Norton's treatment record, the claimant's condition had improved and stabilized prior to the alleged onset date and Dr. Norton recommended counseling for her other issues.  In February 1998, the claimant admitted that medication ... had been working, that she felt "real good" and had improvement in her sleeping and fatigue so she resumed her usual activities with usual interest and motivation... She continued to do well in May and August 1998 followups, medication was discontinued in November 1998, she was transferred to administrative case management in January 1999 since she was non-compliant with individual therapy appointments, and she was free of any symptoms of depression, and her file was closed in February 1999.  All of these facts refute an alleged onset date of October 24, 1997. Again, in July 2002 Dr. Marks tried to discuss her attitudes, approaches, and other counseling issues. Following expiration of insured status on December 31, 2002, she wanted to stop taking [mediation]. ..in November 2003, [the doctor] diagnosed neurotic depression and again prescribed [medication] and recommended the use of Tylenol for headaches. [The plaintiff then continued with periodic mental health follow-ups]... her medications were decreased in July 2007. At that point, she also reported that she was spending a lot of time helping other people but that she was also getting a lot done in her own home and was feeling better and doing things that she had not previously been able to do...

Because the claimant has a medically determinable mental impairment, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders ...  These four broad functional areas are known as the "paragraph B" criteria. As indicated above, the claimant's alleged depressive disorder imposed only mild functional limitations regarding activities of daily living, social functioning, and concentration, persistence or pace. There have been no episodes of decompensation of extended duration. The evidence does not establish the presence of the "C" criteria... Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the first three functional areas and 'no' limitation in the fourth area, it is nonsevere...

> The claimant was not under a disability as defined in the Social Security Act, at any time from October 24, 1997, the alleged onset date, through December 31, 2002, the date last insured... (R.15-24).

The record demonstrates that through the date last insured, the plaintiff suffered from some mental impairments but they were not of the severity to warrant a conclusion that she met the disability requirements of the Social Security Act. Rather, they show that the plaintiff received treatment, showed improvement, and voluntarily discontinued treatment. Even after the date last insured, this appears to be the case. Thus, there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law. <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir.2004).  In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's conclusion is supported by substantial evidence.  For this reason, the plaintiff's motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted and the decision of the Commissioner will be affirmed.

An appropriate Order and Judgment will be entered.

ORDER

AND NOW, this 30th day of November, 2009, for the reasons set forth in the foregoing Memorandum, the plaintiff's motion for summary judgment (Docket No. 14) is denied, the defendant's motion for summary judgment (Docket No. 16) is granted, the determination of the Commissioner is affirmed and judgment will be entered accordingly.

                                                                                 s/ Robert C. Mitchell
United States Magistrate Judge